STEFFENS, PETITIONER AND APPELLEE, *v.* HEIRS OF SOLER, CONTESTANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in Dominion Title Proceedings.

No. 2822.—Decided April 2, 1924.

DOMINION TITLE—NOTICE—DISCRETION OF COURT.—The period of sixty days fixed by the court for the publication of notice in dominion title proceedings to unknown persons who may have interests contrary to that of the petitioner is directory; therefore, the failure to hear a contestant who appears after the said sixty days but before final judgment is an abuse of discretion, and when the opposition is not verified or is otherwise defective the court has discretion to allow its amendment.

The facts are stated in the opinion.

*Mr. H. F. Besosa* for the appellants.

*Mr. A. A. Vázquez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee obtained a dominion title in the District Court of Mayagüez. On the 28th of January, 1922, edicts were ordered to be published to persons having opposing interests, or who might be prejudiced. The period of the publication was fixed for 60 days and would hence expire on the 27th day of March, 1922. On the 13th day of April, 1922, the *fiscal* made his report. On the 15th of April, 1922, the appellants filed a motion of intervention, alleging interest and prejudice. On the 23rd of May, 1922, the court entered an order approving the certificate of dominion title and the said order contained the following statement:

"Whereas the succession of Miguel Soler, after the lapse of the sixty days allowed for publication of edicts, filed a motion in op-

1

position and the petitioner asked the court to strike the said motion · because it was filed after the expiration of the legal term, decision having been reserved after argument in open court;

"Whereas, in the conduct of this case the legal precepts have been observed;

"Now, therefore, the court is of the opinion that the law and the facts are in favor of the petitioner, and consequently strikes from the record the motion in opposition filed by the succession of Miguel Soler. The court also finds that Zulma Steffens y García has established her ownership of the aforesaid property and directs that when this ruling becomes final a copy thereof shall be delivered to her for purposes of record in the registry of property for the district."

When the court fixes 60 days for an appearance parties ought to appear within that time. Nevertheless, it is not a fatal time, especially as a dominion title can itself be attacked under proper conditions.

Where, before the court has rendered its final order or judgment, a petitioner who is apparently in good faith asks to be heard, the court should consider the petition on its merits. A failure to do so is an abuse of discretion similar to the abuse of discretion we discussed in *Borinquen Sugar Company* v. *Mas*, 18 P.R.R. 299; *Fernández* v. *Pescay et al.*, 26 P.R.R. 735; *Gutiérrez* v. *Foix*, 23 P.R.R. 68.

We notice that the petition of intervention is not sworn to and is unaccompanied by any affidavit of merits. Likewise succession of Miguel Soler is an indefinite and unsatisfactory description of parties. The court below, however, did not consider these matters.

Nevertheless, the appearance of an attorney is something of a voucher and his client should be given an opportunity to amend.

It is unnecessary to consider the other errors alleged by the succession of Miguel Soler, because they were not duly made parties, if such right they had.

The idea of the court that it did not have power to hear appellant constituted a failure to use discretion. The order

appealed from must be annulled and the case sent back for further proceedings not inconsistent with this opinion.

*Order vacated.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.